UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIO ANDRADE,

    Plaintiff,

-vs-                                      CASE NO.:

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Claudio Andrade (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc. and Trans Union LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

1

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Bradenton, Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business located in California that conducts business in the State of Florida.

7. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Trans Union LLC ("TransUnion") is a corporation with its principal place of business in Chicago, IL that conducts business in the State of Florida.

10. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

12. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business in Atlanta, GA that conducts business in the State of Florida.

13. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

15. Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

16. Non-party Cavalry SPV I, LLC (a furnisher of information pursuant to the FCRA) was furnishing false information to Equifax, Experian and TransUnion about Plaintiff.

17. Specifically, Cavalry SPV I, LLC claimed Plaintiff was responsible for a debt he did not owe.

18. Equifax, Experian, and TransUnion subsequently falsely reported that Plaintiff owed a debt to Cavalry SPV I, LLC.

19. On multiple occasions, Plaintiff disputed the false Cavalry SPV I, LLC tradeline with Equifax, Experian, and TransUnion.

20. On at least one occasion, Plaintiff included with his dispute was a fully executed FTC Fraud Affidavit supporting Plaintiff's position that he did not owe the debt in question.

21. Despite giving Equifax, Experian, and TransUnion all of the information they needed to conduct reasonable investigations into his dispute and correct the false

reporting, Equifax, Experian and TransUnion each verified the false information they were reporting about Plaintiff on several occasions.

22. As a result of the actions/inactions of Equifax, Experian and/or TransUnion, Plaintiff has been denied credit.

23. As a result of the actions/inactions of Equifax, Experian, and/or TransUnion, Plaintiff's credit scores have dropped significantly.

24. As a result of the actions/inactions of Equifax, Experian and/or TransUnion, Plaintiff has suffered from stress, embarrassment, frustration, worry, fear, anxiety, and sleeplessness.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Experian

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

27. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of his personal time, denials of credit, emotional distress, and the damages otherwise outlined in this complaint.

28. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**Violations of the Fair Credit Reporting Act as to Experian**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

31. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32. Plaintiff repeatedly provided Experian with the information it needed to confirm that the alleged debts in question did not belong to him, including but not limited to his personal statements and relevant supporting documents. Experian ignored this information and instead chose to simply verify the information furnished by Cavalry without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

33. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by reduced credit score; denials of credit; financial loss; and the damages otherwise outlined in this Complaint.

34. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Experian, jointly and severally; for his

attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to TransUnion

36. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

37. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered a financial loss, denials of credit, loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

39. TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
### Violations of the Fair Credit Reporting Act as to TransUnion

41. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

42. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

43. Plaintiff repeatedly provided TransUnion with all of the information it needed to confirm that the alleged debt in question did not belong to him, including but not limited to his personal statements and relevant supporting documents. TransUnion ignored this information and instead chose to simply verify the information furnished by Cavalry without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

44. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by reduced credit score; denials of credit; loss of the ability to purchase and benefit from credit; financial loss; and the damages otherwise outlined in this Complaint.

45. TransUnion's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

46. Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TransUnion, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### Violations of the Fair Credit Reporting Act as to Equifax

47. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

48.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

49.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a financial loss, denials of credit, loss of his personal time, emotional distress, and the damages otherwise outlined in this complaint.

50.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

51.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
**Violations of the Fair Credit Reporting Act as to Equifax**

52.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

53.    Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

54.    Plaintiff repeatedly provided Equifax with all of the information it needed to confirm that the alleged debt in question did not belong to him, including but not limited to his personal statements and relevant supporting documents. Equifax ignored this information and instead chose to simply verify the information furnished by Cavalry without conducting any meaningful reinvestigation into any of Plaintiff's numerous disputes.

55.    As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; denials of credit; loss of the ability to purchase and benefit from credit; financial loss; and the damages otherwise outlined in this Complaint.

56.    Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined

by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

57.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St., Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*